JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
THOMAS HOLBERT, individually and on behalf of all persons similarly situated,

**DEFENDANTS**
WASTE MANAGEMENT, INC.

**(b)** County of Residence of First Listed Plaintiff   Delaware County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Harris County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shanon J. Carson, Sarah R. Schalman-Bergen, Camille Fundora, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103 215-875-3000

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                        Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding
☐ 2 Removed from
State Court
☐ 3 Remanded from
Appellate Court
☐ 4 Reinstated or
Reopened
☐ 5 Transferred from
Another District
*(specify)*
☐ 6 Multidistrict
Litigation -
Transfer
☐ 8 Multidistrict
Litigation -
Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. sec. 201, et seq.
Brief description of cause:
Unpaid wages and overtime compensation

**VII. REQUESTED IN
COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S)
IF ANY**
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE
6/22/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Print     Save As...     Reset

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

THOMAS HOLBERT, individually and on behalf of all :         CIVIL ACTION
persons similarly situated,                :
             v.             :
                                                      :
WASTE MANAGEMENT, INC.          :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (☑)

| 6/22/2018 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-875-3000 | 215-875-4604 | sschalman-bergen@bm.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS HOLBERT, individually and on behalf of all persons similarly situated,** | : | **Civil Action No.:** |
| | : | |
| | : | **Complaint— Class and Collective Action** |
| **Plaintiff,** | : | |
| | : | **Jury Trial Demanded** |
| v. | : | |
| | : | |
| **WASTE MANAGEMENT, INC.** | : | |
| | : | |
| **Defendant.** | : | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Thomas Holbert ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Complaint against Defendant Waste Management, Inc. ("WM" or "Defendant") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Pennsylvania state law. The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to Plaintiff's and Class Members' claims occurred within this judicial district. Plaintiff and other Class Members performed work in this judicial district and were paid pursuant to Defendant's unlawful pay policy in this judicial district, and Defendant routinely

conducts business in this judicial district.

4.      Venue in this Court is also proper pursuant to 28 U.S.C. § 1391(b)(1) & (d) in that Defendant resides in this judicial district and is subject to personal jurisdiction in this judicial district.

## PARTIES

5.      Plaintiff Thomas Holbert was employed by Defendant as a Waste collector for the Delaware Valley South location in Pennsylvania between approximately August 1990 and May 31, 2017, and pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

6.      Defendant Waste Management, Inc. is a corporation with its principal place of business in Houston, Texas. Defendant provide sanitation and trash collection services to customers throughout the U.S. "Waste Management is the largest environmental solutions provider in North America, serving more than 21 million municipal, commercial and industrial customers in the U.S. and Canada." About Us, WASTE MANAGEMENT, INC., https://www.wm.com/about/index.jsp (last visited May 24, 2018).

7.      Defendant employed Plaintiff and continues to employ similarly situated employees.

8.      Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9.      Defendant's annual gross volume of business exceeds $500,000.

10.     Defendant is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

11.     Plaintiff brings this lawsuit for Count I pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential opt-in litigants:

> All current or former waste collectors of Waste Management, Inc. ("WM") who performed work in the United States at any time between June 22, 2015 and the present, who were paid hourly (the "FLSA Class").

12.     Plaintiff brings this lawsuit for Counts II and III as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current or former waste collectors of Waste Management, Inc. ("WM") who performed work in Pennsylvania at any time between June 22, 2014 [1] and the present, who were paid hourly (the "Pennsylvania Class").

13.     The FLSA Class and the Pennsylvania Class are together referred to as the "Classes."

14.     Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

15.     Defendant employs waste collectors, such as Plaintiff, who perform a variety of sanitation services for Defendant's residential and corporate clients in this judicial district and throughout the United States.

16.     Between August 1990 and May 31, 2017, Plaintiff was employed as a non-exempt hourly waste collector with Defendant, performing sanitation services for residential and commercial clients.

17.     Plaintiff and the Class Members are blue collar workers who are primarily engaged

---

[1] The statute of limitations on Plaintiff's unjust enrichment claim is four years. Therefore, employees may be members of the Pennsylvania Class if they were employed on or after June 22, 2014 for at least one of the Claims alleged on behalf of the Pennsylvania Class.

in manual labor duties.

18.    Defendant has a policy or practice of failing to compensate Plaintiff and the Classes for all hours worked, including overtime compensation.

19.    Defendant paid Plaintiff and the Class Members an hourly rate.

20.    Waste collectors begin their workday by checking into the Waste Management facility, picking up and preparing their equipment to being their work route following a mandatory morning meeting. Waste collectors are required to have their equipment and vehicles ready prior to the morning meetings.

21.    Prior to the mandatory morning meetings, Plaintiff and Class Members are required to pick up their equipment from Waste Management necessary for the day, such as protective personal equipment, review the day's work on Waste Management computer tablets, change work orders, retrieve and review paperwork and proper manifests, and finalize the day's route. Plaintiff and Class Members were required to have completed these tasks before the meeting in order to begin their route immediately after the morning meeting.

22.    Plaintiff and Class Members are also required to perform pre- and post-trip inspections of their assigned Waste Management vehicles and document the inspections.

23.    These activities before the morning meetings Plaintiff and Class Members were required to perform are integral and indispensable to their principal activities. Waste Management employed Plaintiff and Class Members to operate the Waste Management vehicles and collect residential and/or business waste or recyclable material. Plaintiff and Class Members reviewed the day's work orders to retrieve the necessary equipment to complete the day's activities, and ensure the proper paperwork is completed in order to perform his/her work.

24.    Plaintiff was permitted to and often did perform his pre-check inspection prior to

the morning meeting.

25.     Despite performing these work activities, Plaintiff and Class Members were not compensated for any time prior to the beginning of the morning meetings.

26.     Waste collectors are required to clock in and out electronically using the timekeeping system called Kronos.

27.     Defendant has a policy where a waste collector cannot clock in until about 15 minutes before the morning meeting.

28.     While waste collectors are allowed to clock in 15 minutes prior to the morning meeting, they are not paid for those 15 minutes, even though waste collectors are performing the required tasks integral and indispensable to their performance at Defendant's locations.

29.     Supervisors were made aware of the off-the-clock work prior to the meetings, including General Manager Steve Mitchell. Nonetheless, no changes were made and Class Members remained uncompensated for their time.

30.     In addition, Plaintiff was required to take a 30-minute lunch break each day. However, due to the workload, Plaintiff would work through his lunch on average three (3) times per week. Defendant automatically deducted 30 minutes for lunch each workday whether or not Plaintiff worked through his lunch break.

31.     Plaintiff was not paid for the time spent working through lunch. Plaintiff observed that the members of the Classes routinely work through lunch and were also not compensated for this time.

32.     Accordingly, on average Plaintiff would work 2 hours and 45 minutes to 3 hours off-the-clock each workweek.  Plaintiff observed other Class Members work similar off-the-clock hours each workweek.

33.     Defendant does not maintain accurate records of the hours that Plaintiff and the Class Members worked each workday and the total number of hours worked each workweek as required by the FLSA.  *See* 29 C.F.R. § 516.2(a)(7).

34.     Plaintiff routinely worked five (5) days per week and every other Saturday. Each day he worked, he routinely worked between eight (8) to ten (10) hours per day.  Plaintiff observed that the members of the Classes routinely worked similar schedules.

35.     In actuality, Plaintiff and Class Members regularly worked more than forty (40) hours per workweek in executing their duties with off-the-clock work.  Defendant did not properly pay Plaintiff and Class Members overtime compensation for hours worked in excess of forty (40) per workweek.

36.     As a nationwide corporation, there is no question that Defendant has access to human resource expertise and legal counsel who can advise Defendant on its FLSA compliance obligations.

37.     Defendant acted willfully and/or with reckless disregard of the applicable FLSA and Pennsylvania state law provisions, by failing to properly compensate Plaintiff and the Classes for hours worked in excess of forty (40) during the workweek.

38.     Moreover, during the entire relevant time period, Defendant were aware that the Classes were not properly compensated under the FLSA and Pennsylvania state law when supervisors received complaints regarding the timekeeping system. Also, Defendant has been the subject of numerous similar FLSA lawsuits in courts across the United States.

39.     Furthermore, Defendant failed to properly track, monitor or record the actual number of hours per day that the FLSA Class Members worked, as required by the FLSA.  *See* 29 U.S.C.A. § 211(c): 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain

payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

41.     Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

42.     Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime compensation for hours worked over forty (40) during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

43.     The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records and the records of any payroll companies that Defendant utilizes.

44.     Defendant employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf

of himself and the Pennsylvania Class defined above.

46.     The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable.  Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

47.     Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

48.     There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class Members, including, without limitation: whether Defendant has violated and continues to violate Pennsylvania law through its policy or practice of not paying its day rate employees overtime compensation.

49.     Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation:  (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class Members.

50.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only

8

individual Class Members.

51.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Pennsylvania Class is readily identifiable from Defendant's own employment records.  Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class Members that would establish incompatible standards of conduct for Defendant.

52.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the Pennsylvania Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

53.     Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class.  Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of the FLSA Class)**

54.     All previous paragraphs are incorporated as though fully set forth herein.

55.     The FLSA requires that covered employees be compensated for all hours worked

in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

56.     Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

57.     During all relevant times, Plaintiffs and the FLSA Class are covered employees entitled to the above-described FLSA's protections. See 29 U.S.C. § 203(e).

58.     Defendant's compensation and timekeeping scheme applicable to Plaintiff and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1).

59.     Defendant knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

60.     Defendant also failed to make, keep, and preserve records with respect to Plaintiffs and the FLSA Class sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

61.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

62.     Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of the Pennsylvania Class)

10

63.     All previous paragraphs are incorporated as though fully set forth herein.

64.     The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked. See 43 P.S. § 333.104(a) and 34 PA. CODE § 231.21(b).

65.     The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

66.     Defendant is subject to the overtime requirements of the PMWA because Defendant is an employer under 43 P.S. § 333.103(g).

67.     During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

68.     Defendant's compensation scheme that is applicable to Plaintiff and the Pennsylvania Class failed to comply with 43 P.S. §§ 333.104(a) and (c), 34 PA. CODE §§ 231.1(b) and 43(b).

69.     Defendant knowingly failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

70.     Defendant fails to accurately track all of the hours that Plaintiffs and the Pennsylvania Class work. See 43 P.S. § 333.108 and 34 PA. CODE § 231.31.

71.     Pursuant 43 P.S. § 333.113, employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

72.     In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions.

### COUNT III
### Unjust Enrichment
### (On Behalf of the Pennsylvania Class)

73.     All previous paragraphs are incorporated as though fully set forth herein.

74.     Defendant has received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

75.     At all relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without paying overtime compensation for all hours worked.

76.     Contrary to all good faith and fair dealing, Defendant induced Plaintiff and the Pennsylvania Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

77.     By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying overtime compensation as required by law, Defendant enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

78.     Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

the following relief:

    A.    An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    B.    Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class Members;

    C.    An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Pennsylvania Class;

    D.    Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

    E.    Liquidated damages to the fullest extent permitted under the law;

    F.    Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    G.    Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated:  June 22, 2018

Respectfully submitted,

BERGER & MONTAGUE, P.C.

_____
Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Camille Fundora (PA 312533)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:   (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
cfundora@bm.net

*Attorneys for Plaintiff and the Proposed Classes*

13

# Exhibit A

DocuSign Envelope ID: 9C609C0D-B643-4DE5-9F2F-4C714F7636B4

## OPT-IN CONSENT FORM
Unpaid Wages and Overtime Litigation – Waste Management, Inc.

**Complete And Mail (or Email) To:**
WASTE MANAGEMENT, INC. OVERTIME LITIGATION
ATTN: CAMILLE FUNDORA
BERGER & MONTAGUE, P.C.
1622 LOCUST STREET
PHILADELPHIA, PA 19103
Email: cfundora@bm.net
Phone: (215) 875-3033
Fax: (215) 875-4604

| Name: Thomas Holbert (Please Print) | Phone No.: ██████ |
|---|---|
| Address: ████████████ | Email: ████████████ |

### CONSENT TO JOIN COLLECTIVE ACTION

**Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)**

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2. I have worked for Waste Management, Inc. ("Defendant" or "WM") in (**state(s)**) Pennsylvania from on or about (**dates(s)**) 8/20/90 to on or about (**dates(s)**) 5/31/17 .

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201. *et seq.* I hereby agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4. I specifically authorize the attorneys, Berger & Montague, P.C., as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendant in this case.

| 5/31/2018 (Date Signed) | *Thomas Holbert* (Signature) |
|---|---|

**\*\*IMPORTANT NOTE\*\***
Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Clifton Heights, PA _____

Address of Defendant: _____ 1001 Fannin Street, Houston, Texas _____

Place of Accident, Incident or Transaction: _____ Delaware Valley, PA _____

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/25/2018    _____    206211
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
    *(Please specify):* _____ Fair Labor Standards Act _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Sarah R. Schalman-Bergen _____ counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 06/25/2018    _____    206211
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.