# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS HOLBERT, KEITH BANCROFT, ROBERT BUTKUS, JONATHAN TARVER, RAYMOND HOLOHAN, ANTHONY OGRODNICK, TIMOTHY WEBER, BRIAN WORLEY, OLE FALDALEN, and WILLIAM BOLDE, JR., individually and on behalf of all persons similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>WASTE MANAGEMENT, INC., WASTE MANAGEMENT OF PENNSYLVANIA, INC., WASTE AWAY GROUP, INC., USA WASTE OF CALIFORNIA, INC., WASTE MANAGEMENT INC. OF FLORIDA, WASTE MANAGEMENT OF ILLINOIS, INC., WASTE MANAGEMENT OF KANSAS, INC., WASTE MANAGEMENT OF NEW JERSEY, INC., WASTE MANAGEMENT OF WISCONSIN, INC., and WASTE MANAGEMENT OF NEW YORK, LLC,<br><br>       Defendants. | Civil Action No.: 2:18-cv-02649-CMR |

## SETTLEMENT AGREEMENT
## PURSUANT TO THE FAIR LABOR STANDARDS ACT

    1.    This Settlement Agreement Pursuant to the Fair Labor Standards Act (the "Settlement Agreement," "Settlement," or "Agreement") is made and entered in the above-captioned lawsuit, *Holbert, et al. v. Waste Management, Inc., et al.,* No. 2:18-cv-02649-CMR (E.D. Pa.) (the "Lawsuit"), subject to the approval of the Court. Plaintiffs Thomas Holbert, Keith Bancroft, Robert Butkus, Jonathan Tarver, Raymond Holohan, Anthony Ogrodnick, Timothy Weber, Brian Worley, Ole Faldalen and William Bolde, Jr. (together, the "Named Plaintiffs"), on behalf of themselves and the Eligible Settlement Collective Members, and Defendants Waste Management, Inc., Waste Management of Pennsylvania, Inc., Waste Away Group, Inc., USA Waste of California, Inc., Waste Management Inc. of Florida, Waste Management of Illinois, Inc., Waste Management of Kansas, Inc., Waste Management of New Jersey, Inc., Waste Management of Wisconsin, Inc., and Waste Management of New York, LLC (collectively, "Waste

Management" or "Defendants"), and their respective counsel of record, enter into this Settlement Agreement.

## DEFINITIONS

2.      The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

A.      "**Administration Costs**" means any and all fees and costs paid or incurred for the notice and administration of the Settlement, including but not limited to, preparing declarations requested by the Parties and/or the Court, preparing reports to counsel for the Parties, preparing and mailing distributions from the Gross Settlement Amount, preparing all necessary tax documents, and/or distribution of the Settlement as set forth herein; and all other fees, costs, and/or expenses reasonably invoiced by the Settlement Administrator. All Administration Costs shall be paid from the Gross Settlement Amount and under no circumstances shall Waste Management be required to pay more than the Gross Settlement Amount or be required to pay or contribute more to cover Administration Costs. Subject to Court approval and pursuant to a not-to-exceed bid received by the Settlement Administrator, Rust Consulting, Inc., the Administration Costs shall not exceed $125,000.00.

B.      "**Appeal Period**" refers to a period of thirty (30) calendar days after the entry of the Approval Order.

C.      "**Acceptance Period**" means the 150 calendar-day period after the mailing of the Settlement Checks by the Settlement Administrator during which an Eligible Settlement Collective Member may sign and cash or deposit a Settlement Check before the Settlement Check shall be non-negotiable.

D.      "**Approval Hearing**" means the hearing scheduled by the Court to consider the approval of the Settlement under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and to determine whether an Order Granting Approval of the Settlement should be entered.

E.      "**Claim Form Deadline**" means the forty-five (45) calendar-day period in which Eligible Settlement Collective Members shall have the opportunity to file an Enhanced Payment Claim Form as part of the Settlement. The 45-day period shall run from the date that the Settlement Administrator sends out the Notice Packet to Eligible Settlement Collective Members.

F.      "**Court**" means the United States District Court for the Eastern District of Pennsylvania.

G.      "**Defendants' Counsel**" means John A. Ybarra and Nina K. Markey of Littler Mendelson, P.C. ("Littler Mendelson").

H.      "**Effective Date**" means the date defined in Paragraph 15 below.

I.      "**Eligible Settlement Collective Members**" means the Named Plaintiffs, any Opt-In Plaintiffs who filed consent-to-join forms in the Litigation, and all individuals who

performed work as a Waste Disposal Driver for Waste Management in one of the Eligible Settlement States and performed such work in one or more workweeks between June 22, 2015 and the date of the Order Granting Approval of the Settlement. Eligible Settlement Collective Members do not include: (i) Waste Disposal Drivers in the State of California to the extent those drivers' claims were already settled and released in the final judgment entered on November 7, 2017 in the case captioned *Reyes v. Waste Management, Inc., et al.*, Case No. 37-2013-00079232-CU-OE-CTL, in San Diego County Superior Court in the State of California, which certified a settlement class consisting of "all persons who were employed by Waste Management in California in any of their Los Angeles, San Diego Orange County and Southern California Market Areas as non-exempt drivers and driver helpers or similar job titles at any time from January 22, 2011 through July 6, 2016); and (ii) Waste Disposal Drivers who performed such work for Waste Management in the State of Texas, with the exception of Named Plaintiff Ole Faldalen. There are approximately 30,500 Eligible Settlement Collective Members, and inclusion of all Eligible Settlement Collective Members is a material term of this Settlement.

J.    "**Eligible Settlement States**" means the following forty-four (44) states within the United States of America: Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Iowa, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, Mississippi, North Carolina, North Dakota, Nebraska, New Hampshire, New Jersey, New Mexico, Nevada, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Tennessee, Utah, Virginia, Washington, Wisconsin, and West Virginia. Inclusion of all Eligible Settlement Collective Members from all Eligible Settlement States is a material term of this Settlement.

K.    "**Employer Payroll Taxes**" means Waste Management's share of any taxes that it is required to pay arising out of the payment of any monies to Eligible Settlement Collective Members as part of this Settlement, including FICA, FUTA, and SUTA obligations. Employer Payroll Taxes are included within the Gross Settlement Amount.

L.    "**Enhanced Payment Claim Form**" or "**Claim Form**" means the Claim Form included in the Notice Packet, which is attached as **Exhibit A**. An Eligible Settlement Collective Member who completes and returns a valid and timely Claim Form will receive an Enhanced Payment in addition to their Standard Payment as described herein.

M.    "**Gross Settlement Amount**" means the maximum total gross amount that Waste Management agrees to pay to fully resolve and settle the claims now asserted or that could have been asserted in this Litigation, and will cover all monies due and payable for the Settlement. The Gross Settlement Amount includes all Administration Costs, Plaintiffs' Counsel's Fees and Expenses, and Employer Payroll Taxes. Subject to the Court's approval, the Gross Settlement Amount is $14,700,000.00. Under no circumstances shall Waste Management be required to pay more than the Gross Settlement Amount.

N.    "**Litigation**" or the "**Lawsuit**" means *Holbert, et al. v. Waste Management, Inc., et al.*, No. 2:18-cv-02649-CMR (E.D. Pa.).

O.    "**Notice Packet**" means the notice of settlement documents that will be sent to each Eligible Settlement Collective Member, which will include relevant information relating

to the Settlement, as well as the Enhanced Payment Claim Form. A template copy of the Notice Packet is attached hereto as **Exhibit A**.

P. "**Named Plaintiffs**" means the following individuals: Thomas Holbert, Jonathan Tarver, Anthony Ogrodnick, Brian Worley, Robert Butkus, Keith Bancroft, Raymond Holohan, Timothy Weber, William Bolde, Jr., and Ole Faldalen. Named Plaintiffs shall be entitled to receive an Enhanced Payment in addition to their Standard Payment without the need to submit a Claim Form.

Q. "**Net Settlement Amount**" means the Gross Settlement Amount less: (i) Administration Costs; (ii) Plaintiffs' Counsel Fees and Expenses; (iii) the Reserve Fund (as defined in Paragraph 39); (iv) any service awards approved by the Court; and (v) Employer Payroll Taxes, as calculated by the Settlement Administrator. The Net Settlement Amount shall include all payments to Eligible Settlement Collective Members.

R. "**Order Granting Approval of the Settlement**" or "**Approval Order**" means an Order from the Court (i) asserting jurisdiction over the claims in the Litigation and the Settlement; (ii) granting final judgment pursuant to the terms provided herein (or as the same may be modified by subsequent mutual agreement, in writing, of the Parties); (iii) adjudging the terms of the Settlement Agreement to be a fair and reasonable resolution of a *bona fide* dispute, and directing consummation of its terms and provisions; (iv) certifying the Eligible Settlement Collective Members as an FLSA collective pursuant to 29 U.S.C. § 216(b) for purposes of this Settlement only; (v) dismissing the Litigation on the merits and with prejudice and permanently enjoining all Eligible Settlement Collective Members who cash or deposit their Settlement Checks from prosecuting against Waste Management and the Releasees (as defined in Paragraph 2(X) any Released Claims (as defined in Paragraph 21), and (v) retaining jurisdiction to enforce the Settlement Agreement.

S. "**Parties**" means the Named Plaintiffs and Defendants.

T. "**Plaintiffs' Counsel's Fees and Expenses**" means the total amount of Plaintiffs' Counsel's attorneys' fees and out-of-pocket expenses approved by the Court in its Approval Order. Plaintiffs' Motion for Approval of FLSA Settlement shall request attorneys' fees in the amount of twenty-eight percent (28%) of the Gross Settlement Amount plus reimbursement of out-of-pocket expenses not to exceed $50,000.00. These amounts are included in the Gross Settlement Amount.

U. "**Plaintiffs' Counsel**" means Shanon J. Carson, Sarah R. Schalman-Bergen, and Camille Rodriguez of Berger Montague PC ("Berger Montague").

V. "**Qualified Settlement Fund**" or "**QSF**" means an interest-bearing account held by the Settlement Administrator to effectuate the terms of the Agreement and the orders of the Court, to be treated for federal income tax purposes pursuant to Treas. Reg. § 1.46B-1. The Settlement Administrator shall establish the QSF within three (3) calendar days after the Effective Date. The Settlement Administrator shall be responsible for establishing, administering, and otherwise operating the QSF, including preparing and filing federal and state tax returns with

applicable government tax authorities, and remitting tax withholdings to the applicable government tax authorities.

        W.      "**Qualifying Workweeks**" means the number of workweeks that an Eligible Settlement Collective Member both: (i) worked as a Waste Disposal Driver; and (ii) recorded more than 40 hours of work during that week, at any time during the Relevant Time Period.

        X.      "**Releasees**" means Defendants and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by Waste Management, divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Litigation.

        Y.      "**Relevant Time Period**" means, for all Waste Disposal Drivers in Eligible Settlement States other than California and New York, the time period from June 22, 2015 up to and including the date of the Order Granting Approval of the Settlement. For Waste Disposal Drivers in the State of California, their Relevant Time Period shall extend back to June 22, 2014 (but not including any workweeks during which any of their claims were already settled and released in the final judgment entered on November 7, 2017 in the case entitled *Reyes v. Waste Management, Inc., et al.*, Case No. 37-2013-00079232-CU-OE-CTL, in San Diego County Superior Court in the State of California). For Waste Disposal Drivers in the State of New York, their Relevant Time Period shall extend back to June 22, 2012.

        Z.      "**Service Awards**" means, subject to the Court's approval, service awards in the amount of $10,000.00 to Named Plaintiff Thomas Holbert and $2,500.00 to each of Named Plaintiffs Jonathan Tarver, Anthony Ogrodnick, Brian Worley, Robert Butkus, Keith Bancroft, Raymond Holohan, Timothy Weber, William Bolde, Jr., and Ole Faldalen, in recognition of their efforts on behalf of the Eligible Settlement Collective Members, and in exchange for the additional consideration of the broader releases they are providing in this Settlement Agreement on a knowing and voluntary basis.

        AA.      "**Settlement Administrator**" means Rust Consulting, Inc., subject to the approval of the Court, which shall effectuate the Settlement by issuing notice, distributing payments, and performing all other tasks specified in this Agreement and/or ordered by the Court.

        BB.      "**Settlement Collective Member**" means all Eligible Settlement Collective Members who sign, cash, or deposit a Settlement Check.

        CC.      "**Settlement Check**" means the check issued to each Eligible Settlement Collective Member for their proportionate share of the Net Settlement Amount. The Settlement Check will either consist of: (i) the Eligible Settlement Collective Member's Standard Payment, if he/she chooses not to submit a Claim Form; or (2) for Opt-In Plaintiffs and Eligible Settlement Collective Members who submit a valid and timely Claim Form, the sum of the Standard Payment and the Enhanced Payment.

DD.    "**Settlement Website**" means the website regarding this Settlement that will be established by the Settlement Administrator within seven (7) calendar days after entry of the Approval Order. The domain name of the Settlement Website shall be www.wmovertimesettlement.com. The Settlement Website shall contain relevant information about the Settlement, including, without limitation, the Settlement Agreement, the Notice Packet, the Order Granting Approval of the Settlement, the Claim Form, and other case documents relevant to the Settlement, as well as a "Frequently Asked Questions" webpage. A draft of the Settlement Website must be reviewed and approved by all Parties before it goes live. The Settlement Administrator will post relevant information about the Settlement on the Settlement Website, including, as it becomes available, information about deadlines and methods to participate in the Settlement.

EE.    "**Waste Disposal Drivers**" means all drivers who were employed in one or more of the following Waste Management driver job code positions listed in **Exhibit B**.

FF.    "**Waste Management**" means Defendants in the above-referenced litigation and their present and former parent companies, subsidiaries, and affiliates employing Eligible Settlement Collective Members in the Eligible Settlement States.

## RECITALS AND BACKGROUND

3.    On June 22, 2018, Plaintiff Thomas Holbert filed the original Complaint in the Lawsuit alleging nationwide collective action claims for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and Rule 23 class action claims for unpaid overtime compensation under the Pennsylvania Minimum Wage Act of 1968 ("PMWA") and common law unjust enrichment.

4.    On September 7, 2018, Mr. Holbert filed a First Amended Class and Collective Action Complaint ("First Amended Complaint"). Mr. Holbert's First Amended Complaint alleged overtime claims for pre- and post-shift off-the-clock work, as well as claims for off-the-clock work during auto-deducted meal periods. Seven other Waste Disposal Drivers who worked in the Commonwealth of Pennsylvania opted into the Lawsuit shortly thereafter.

5.    Plaintiffs' Counsel was subsequently retained by the other Named Plaintiffs in addition to Mr. Holbert, who worked for Waste Management, Inc.'s subsidiaries in California, New Jersey, Illinois, New York, Wisconsin, Florida, Alabama, Kansas, and Texas. Through their counsel, these individuals provided notice to Waste Management that they were prepared to join the Lawsuit and/or file additional lawsuits against Waste Management but agreed not to do so during the pendency of the Parties' alternative dispute resolution ("ADR") process.

6.    The Parties thereafter entered into an agreed ADR process in or about September 2018, which continued for approximately nine months. This process consisted of extensive ADR-related discovery and two in-person mediation sessions that were overseen by an experienced wage and hour mediator, Hunter Hughes, Esq. The mediation sessions took place on December 18, 2018, in Atlanta, Georgia, and on March 4, 2019, in Los Angeles, California. Subsequently, the Parties engaged in dozens of telephone discussions and negotiations overseen by Mr. Hughes from March to June 17, 2019. During this time, the Court agreed to stay the Lawsuit pending the Parties' ADR

process and mediation. (Dkt. Nos. 25-32).

7.     In order to appropriately inform the Parties through the ADR process, the Parties conducted substantial discovery under the supervision of the mediator, who was also involved in negotiating the scope of the discovery to be produced. Specifically, the Parties exchanged gigabytes of data and Electronically Stored Information ("ESI"), including policy documents, personnel records, payroll data, Kronos timekeeping records, and other Waste Management documents. The Parties also conferred extensively on ESI issues, including conducting several telephone conferences with the mediator and each other to discuss the scope and procedures for producing ESI and Waste Management data as well as discussing those issues during the Parties' two mediation sessions.

8.     As a result of the ADR process (including discovery), mediations, and settlement negotiations, the Parties have agreed to settle the Lawsuit according to the terms of this Settlement Agreement.

9.     Plaintiffs' Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Lawsuit. In agreeing to this Settlement Agreement, Plaintiffs have considered: (a) the facts developed during the Parties' mediation process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Plaintiffs have concluded that, pursuant to the FLSA, the terms of this Settlement are a fair and reasonable resolution of a *bona fide* dispute, and that it is in the best interests of Named Plaintiffs and the Eligible Settlement Collective Members to settle their claims against Defendants pursuant to the terms set forth herein.

10.    Waste Management denies any liability or wrongdoing of any kind associated with any and all claims alleged in the Litigation, and, for any purpose other than settling the Litigation, further denies that this action is appropriate for collective action treatment. Waste Management contends, among other things, that it complied at all times with all applicable state and federal laws.

11.    Pursuant to the FLSA and relevant law, Court approval of this Settlement is required to effectuate the Settlement, and the Settlement will not become operative until the Court grants approval of it, the Settlement becomes final, and the Effective Date occurs.

12.    In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that Named Plaintiffs' and the Settlement Collective Members' claims as described herein against Defendants shall be settled, compromised and dismissed, on the merits and with prejudice, in the manner and upon the terms and conditions set forth below.

## SETTLEMENT TERMS

13.    **Second Amended Complaint and Stay of Proceedings for Settlement**. For purposes of this Settlement only, the Parties agree that on July 3, 2019, Mr. Holbert shall file a

Second Amended Class and Collective Action Complaint ("SAC") in the Lawsuit pursuant to a stipulation of the Parties, adding the Named Plaintiffs, and alleging FLSA collective action claims on behalf of the Eligible Settlement Collective Members. If the Effective Date as defined below in Paragraph 15 does not occur for any reason following the settlement approval process, the Parties agree to file a Stipulation withdrawing the SAC and reinstating Plaintiff Thomas Holbert's First Amended Complaint in this Lawsuit, so that the Parties return to the positions they held on October 22, 2018, when the Court stayed all proceedings for purposes of ADR, subject to any tolling agreements between the Parties.

14.    **Final Settlement**. It is the desire and intention of the Parties that this Settlement Agreement shall, for Plaintiffs, and each of the Settlement Collective Members, fully, finally, and forever completely settle, compromise, release, and discharge the Released Claims.

15.    **Effective Date**. The Effective Date shall be thirty-three (33) calendar days from the date of the entry of the Court's Approval Order. If an appeal is filed within the Appeal Period, then the Effective Date shall be the latest of: (i) the date of final affirmance of the Court's Approval Order; (ii) the expiration of the time for a petition for writ of certiorari to review the Approval Order if affirmed and, if the certiorari is granted, the date of final affirmance of the Approval Order following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Approval Order or the final dismissal of any proceeding on certiorari to review the Approval Order that has the effect of confirming the Approval Order. If there is no Effective Date: (i) the Settlement Agreement shall have no force and effect and no Party shall be bound by any of its terms; (ii) Waste Management shall have no obligation to make any payments required under this Agreement; (iii) the Parties shall evenly distribute and pay any Administration Costs incurred up until the date that the Settlement ceases to exist; and (iv) the Settlement Agreement and all negotiations, statements, proceedings, and data relating thereto shall be protected by FED. R. EVID. 408 and shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Litigation prior to the Court's Orders staying the Litigation while the Parties pursued the ADR process. (Dkt. Nos. 25-32). In such event, the Parties shall work cooperatively to request a conference with the Court in which to attempt to resolve any issues that the Court has raised regarding the Agreement so that it can gain the Court's approval, or alternatively, effectuate their intent to resume the Litigation.

16.    **Stipulation to Certification of the Settlement Collective**.

a.    Pursuant to this Agreement, the Parties stipulate that this Litigation may proceed as an FLSA collective action on behalf of the Eligible Settlement Collective Members under 29 U.S.C. § 216(b). This stipulation is for settlement purposes only and does not constitute in this Lawsuit or any other proceeding an admission by Waste Management that collective action treatment under the FLSA would be appropriate or proper absent this Settlement or that the Named Plaintiffs could establish the requisite elements for collective treatment of the claims settled herein if this Settlement were not in place.

b.    Waste Management does not waive and reserves its right to challenge the propriety of collective action treatment for any purpose should the Effective Date not occur for any reason, in which case Waste Management's willingness to stipulate to certification as part of this Agreement will have no bearing on and will not be admissible in connection with any issue in

the Lawsuit or any other proceeding.

17.     **Fair and Reasonable Resolution of a *Bona Fide* Dispute**. Waste Management agrees to pay the Gross Settlement Amount to fund all of its settlement obligations in the Litigation. Payment of the Gross Settlement Amount by Waste Management pursuant to this Settlement Agreement shall settle all pending issues between the Parties and satisfy all of Waste Management's obligations under the Settlement as set forth herein. Any payments made to the Eligible Settlement Collective Members under this Settlement shall not be construed as compensation for purposes of determining eligibility for unemployment compensation or any benefits offered by Waste Management, including health and welfare benefits.

18.     **Motion for Approval of FLSA Collective Action Settlement and Authorization of Notice**. By July 3, 2019, or within a reasonable period of time thereafter, the Parties shall file a Motion for Approval of FLSA Collective Action Settlement ("Approval Motion"). With the Approval Motion, Plaintiffs' Counsel will file this Settlement Agreement and Exhibits, and the proposed Approval Order. Defendants shall file, the same day, their own response brief in support of the Settlement Agreement.

## RELEASES

19.     In exchange for the consideration set forth in this Settlement Agreement, Named Plaintiffs and Settlement Collective Members agree to release their claims as set forth herein as applicable.

20.     The Parties acknowledge and agree that, with the exception of the Named Plaintiffs who are signing this Settlement Agreement, only Eligible Settlement Collective Members who choose to cash or deposit their Settlement Check (*i.e.*, Settlement Collective Members) shall release any claims against Releasees. The Named Plaintiffs shall be deemed to have released their claims as set forth below upon the issuance of the Approval Order.

21.     **Release of Claims by Settlement Collective Members**. Upon signing, depositing, or cashing their Settlement Check, an Eligible Settlement Collective Member becomes a Settlement Collective Member. Upon becoming a Settlement Collective Member, all such individuals release the Releasees from all wage and hour claims under federal or state law that were brought, or could have been brought, in the Litigation for the Relevant Time Period. Specifically, Settlement Collective Members release, for the Relevant Time Period, and to the extent permitted by law, any and all wage and hour FLSA claims, known or unknown, contingent or accrued, against the Releasees, arising under the FLSA and/or state wage and hour law from the claims in, or the claims that could have been pleaded in, the Second Amended Complaint in the Lawsuit herein during the Relevant Time Period. The consideration of the payments made by Waste Management and the terms described herein shall be in exchange for entry of the final judgment and dismissal with prejudice and the release of the Releasees, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them, from any and all FLSA and state law claims, debts, liabilities, penalties, demands, obligations, guarantees, costs, expenses, attorneys' fees, and damages for the alleged wage and hour violations under state and federal law. This release includes a release of all state statutory and common law wage and hour claims from all of the Eligible Settlement States that could have been brought by

any Eligible Settlement Collective Member based upon the facts and circumstances alleged in the Lawsuit during the Relevant Time Period.

22.     The releases pursuant to this Agreement do not include any claim that cannot be released by private agreements. Moreover, nothing in this Agreement prohibits or prevents a Settlement Collective Member from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency, including but not limited to the Equal Employment Opportunity Commission, the Securities and Exchange Commission, or the National Labor Relations Board. Nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, a Settlement Collective Member's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. This release does not apply to any Settlement Collective Member benefit, right, claim, demand, complaint or cause of action under 29 U.S.C. 1132(a)(1)(B) or benefits accrued and under any employee benefit plan.

23.     On the reverse side of each Settlement Check above the space for endorsement will be printed the following settlement and release language:

> By negotiating and cashing this check: (1) I agree to be bound by the Settlement Agreement reached in *Holbert, et al. v. Waste Management of Pennsylvania, Inc.*, No. 2:18-cv-02649 (E.D. Pa.) ("the Lawsuit"); (2) I consent to be a party-plaintiff in the Lawsuit under § 216(b) of the Fair Labor Standards Act; and (3) I release any and all wage and hour claims for the period from [the Applicable Relevant Time Period to be inserted by the Settlement Administrator] to [the date of the Order Granting Approval of the Settlement] that were brought or could have been brought in the Lawsuit against Waste Management, Inc. and its affiliates, parents, subsidiaries, predecessors, successors, employees and agents, under the Fair Labor Standards Act and any federal or state wage and hour statutory or common law.

24.     Each Settlement Check will also bear a legend directing the payer's bank to only accept the check for payment if: (a) the Settlement Check is endorsed by the payee; and (b) the settlement and release language, or any part of it, has not been altered or deleted. Any Eligible Settlement Collective Member who signs, deposits, and/or cashes their Settlement Check shall be deemed an opt-in party plaintiff under the FLSA and all applicable state laws for purposes of the Settlement and become a Settlement Collective Member.

25.     **General Release by Named Plaintiffs**. In further consideration for payment and acceptance of a Service Award, the Named Plaintiffs on their own behalf and on behalf of their successors, assigns, agents, heirs and attorneys, release and forever discharge the Releasees from and for all actions, causes of action, suits, controversies, claims and demands whatsoever which they now have, or ever have had, known or unknown, arising from any matter whatsoever, at the present time or at any time prior to the date of execution of this Settlement Agreement, including, but not limited to: (1) any and all wage and hour FLSA claims, known or unknown, contingent or accrued, against Waste Management, its parent or subsidiary corporations and all agents thereof, arising under the FLSA which arise from the claims in, or could have been pleaded in, the operative complaint in the Lawsuit herein upon approval of the settlement by the Court and from any and all

FLSA debts, liabilities, penalties, demands, obligations, guarantees, costs, expenses, attorneys' fees, and damages for the alleged wage and hour violations under the FLSA; (2) any and all claims under Title VII of the Civil Rights Act of 1964, The Family And Medical Leave Act, the Rehabilitation Act of 1973, the Civil Rights Act of 1866, the Americans with Disabilities Act, the Civil Rights Act of 1991, Employee Retirement Income Security Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Worker Adjustment and Retraining Notification Act of 1988, the Genetic Information Nondiscrimination Act of 2008, the Fair Debt Collection Practices Act, the Equal Pay Act of 1963, any statute, law, order, ordinance, regulation or enactment of any type from any of the Eligible Settlement States; (3) any and all claims for breach of an express or implied contract, including, but not limited to, retaliatory discharge, wrongful discharge and/or any other tort or common law cause of action; (4) any and all claims for breach of public policy or related matters, any and all claims for breach of any covenant of good faith and fair dealing, any and all claims of defamation, libel or slander, any and all claims of intentional infliction of emotional distress; (5) any and all claims for attorneys' fees or costs; and (6) any other claims of any kind, except as expressly excluded elsewhere in this Agreement.

26.     Notwithstanding the foregoing provisions, each Named Plaintiff does not release or waive: (i) any claim under the Age Discrimination in Employment Act; (ii) any claim that he could make for unemployment compensation or workers' compensation benefits; (iii) any rights or claims that cannot be released as a matter of law pursuant to this Settlement Agreement and/or the Approval Order; (iv) his right to file an administrative charge with the National Labor Relations Board, Equal Employment Opportunity Commission or similar state agency (although he does waive his right to receive any monetary damages or other relief not explicitly provided for herein as a result of any such charge, to the extent the charge pertains to a claim that was released); and/or (v) any rights or claims that may arise after the date he signs this Settlement Agreement.

27.     Nothing in this Agreement prohibits or prevents a Named Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency, including but not limited to the Equal Employment Opportunity Commission, the Securities and Exchange Commission, or the National Labor Relations Board. Nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, a Named Plaintiff's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies.

## SETTLEMENT FUND DISTRIBUTIONS

28.     **Funding of Settlement**. Within seven (7) calendar days after the Effective Date, Waste Management will deposit the Gross Settlement Amount in the Qualified Settlement Fund ("QSF") established by the Settlement Administrator. All disbursements shall be made from the QSF. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the QSF.

29.     **Payments**. Subject to the Court's Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

a.   **Service Awards to Named Plaintiffs**. Subject to the Court's approval, the Service Awards shall be paid to the Named Plaintiffs in recognition of their time and efforts on behalf of the Eligible Settlement Collective Members, and also in recognition of their broader release of claims as set forth above in Paragraph 25. The Service Awards shall be paid from the Gross Settlement Amount and shall be issued at the same time as and in addition to the Named Plaintiffs' individual Settlement Checks. A Form 1099 Misc. shall be issued to each Named Plaintiff for his Service Award. Named Plaintiffs will be responsible for correctly characterizing this additional compensation for tax purposes and for payment of any taxes owing on those amounts.

b.   **Plaintiffs' Counsel's Attorneys' Fees and Expenses**. Subject to the Court's approval, Plaintiffs' Counsel may apply for attorneys' fees in the amount of twenty-eight percent (28%) of the Gross Settlement Amount plus reimbursement of out-of-pocket expenses not to exceed $50,000.00. Plaintiffs' Counsel's Fees and Expenses shall compensate Plaintiffs' Counsel for all work performed from the inception of the Lawsuit to its conclusion, including all future work in connection with the implementation of this Agreement, seeking approval of the Agreement by the Court, and overseeing the administration of the Settlement through the final dismissal of the Lawsuit with prejudice. Subject to the Approval Order, Plaintiffs' Counsel's Fees and Expenses will be paid to Plaintiffs' Counsel out of the Gross Settlement Amount within ten (10) calendar days after the Effective Date. Waste Management will not oppose Plaintiffs' Counsel's Motion for Approval of Attorneys' Fees and Expenses so long as it is consistent with this paragraph. Berger Montague PC shall provide an executed IRS Forms W-9 to the Settlement Administrator.

c.   **Administrator Costs**. With Defendants' Counsel's approval and after engaging in a request for proposal process, Plaintiffs' Counsel selected Rust Consulting, Inc. as the Settlement Administrator, subject to the approval of the Court in its Approval Order. The Administration Costs shall be paid from the Gross Settlement Amount in an amount not to exceed $125,000.00. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

d.   **Settlement Checks**. Settlement Checks shall be made to Eligible Settlement Collective Members as set forth below.

30.   **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person shall have any claim against Defendants, Plaintiffs' Counsel, Defendants' Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

31.   **Settlement Award Eligibility**. All Eligible Settlement Collective Members shall be paid a Settlement Award from the Net Settlement Amount. The Settlement Administrator shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Settlement Collective Members.

32.     **Eligible Settlement Collective Member List**. Within seven (7) calendar days after the Approval Order, Defendants' Counsel shall provide to the Settlement Administrator a list, in Microsoft Excel format, which includes for each Eligible Settlement Collective Member: their name; last known address; last known email address; last known telephone number; location(s) worked; total number of Qualifying Workweeks; and "Random ID" number, along with each Eligible Settlement Collective Member's social security number, which will be used by the Settlement Administrator solely for purposes of preparing the issuance of the Notice Packet and locating individuals if a Settlement Check is returned as undeliverable and for tax purposes ("Eligible Settlement Collective Member List").

33.     The Settlement Administrator shall be required to execute a Confidentiality Agreement protecting Waste Management's confidential data and information relating to Eligible Settlement Collective Members' personally identifiable information. The Settlement Administrator shall execute this Confidentiality Agreement within seven (7) calendar days after the Approval Order.

34.     Within seven (7) calendar days after the Approval Order, Defendants' Counsel shall provide to Plaintiffs' Counsel the Eligible Settlement Collective Member List, but shall remove the Eligible Settlement Collective Member's last known addresses, last known email addresses, last known telephone numbers, and social security numbers.

35.     In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Notice Packet, will take reasonable efforts to identify current addresses via public and proprietary systems. The Settlement Administrator will run the addresses provided in the Eligible Settlement through a National Change of Address ("NCOA") database or a similar product. If any mail is returned as undeliverable, the Settlement Administrator will perform one skip trace search for any mail returned without a forwarding address.

36.     **Notice Packet**. Within ten (10) calendar days after the Effective Date, the Settlement Administrator shall send the Notice Packet to all Eligible Settlement Collective Members by U.S. first class mail and email. The Settlement Administrator shall provide prompt notice to Plaintiffs' Counsel and Defendants' Counsel that the Notice Packets have been sent.

37.     Eligible Settlement Collective Members shall have forty-five (45) days to submit an Enhanced Payment Claim Form (the "Claim Form Deadline") in order to qualify to receive an amount greater than the Standard Payment. By submitting a Claim Form, the Eligible Settlement Collective Member shall represent that they worked "off-the-clock" unpaid overtime hours. Claim Forms may be submitted via regular mail, email, facsimile, or online through an electronic signature service on the Settlement Website. The Settlement Administrator will provide Plaintiffs' Counsel and Defense Counsel with a weekly report regarding the number of Claim Forms received. Claim Forms must be returned to the Settlement Administrator so that they are postmarked no later than the Claim Form Deadline. To be deemed valid, the Claim Form must be complete and signed by the Eligible Settlement Collective Member. The Parties, by way of mutual agreement, may waive this time limitation on a case by case basis.

38.     **Qualifying Workweek Disputes**. Eligible Settlement Collective Members may contact the Settlement Administrator with questions regarding the number of Qualifying

13

Workweeks they have been assigned. There is a rebuttable presumption that Waste Management's personnel and payroll records are correct, but Eligible Settlement Collective Members may, should they disagree with Waste Management's records, provide documentation to show contrary employment dates as a Waste Disposal Driver and/or records of time worked no later than the Claim Form Deadline. Such a dispute shall be directed to the Settlement Administrator, who will notify all Counsel of the dispute and provide Counsel with a copy of the records provided by the individual and other pertinent records. The Settlement Administrator shall independently resolve disputes arising under this paragraph and relating to an Eligible Settlement Collective Member's work tenure and relevant workweeks and inform all Counsel of its determination. All disputes arising under this paragraph must be resolved and reported no later than fifteen (15) calendar days after the Claim Form Deadline and any disputes not resolved to the satisfaction of all Counsel may be presented to the Court.

39.     **Reserve Fund**. The Parties agree to reserve $25,000 from the Gross Settlement Amount solely for the purpose of preserving these funds to account for disputed, belated, or unexpected payments to Eligible Settlement Collective Members after Settlement Awards have issued. The Reserve Fund shall be held by the Settlement Administrator for a period of one hundred (100) days after the Acceptance Period. In the event that any funds remain in the Reserve Fund following this period, such funds shall be sent to Community Legal Services of Philadelphia as a *cy pres* recipient agreed to by the Parties, subject to the Court's approval.

40.     **Calculation of Standard Payments and Enhanced Payments**. The Settlement Administrator shall calculate the Settlement Awards from the Net Settlement Fund based on the following formula:

a.     **Standard Payments**. Each Eligible Settlement Collective Member shall receive a "Standard Payment" of Two Hundred Dollars ($200.00). The total Standard Payments to all Eligible Settlement Collective Members shall be deducted from the Net Settlement Amount prior to the calculation of the Enhanced Member Payments.

b.     **Enhanced Payment**. Eligible Settlement Collective Members who submit a timely and valid Enhanced Payment Claim Form shall receive an Enhanced Payment consisting of their *pro rata* portion of the Net Settlement Amount (less the total Standard Payment amounts set forth in subsection (a)) in addition to the Standard Payment as follows:

i.     Each Qualifying Workweek shall be assigned one settlement share, except that any Eligible Settlement Member who worked twelve or fewer Qualifying Workweeks shall be assigned zero settlement shares and shall only receive the Standard Payment ($200.00).

ii.     The total number of settlement shares identified in paragraph (i) above will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each individual's number of settlement shares to determine the Enhanced Payment for each individual.

41.     **Tax Treatment of Settlement Checks**. The Settlement Checks issued to Eligible Settlement Collective Members will be treated as follows: 50% of each Settlement Check shall be treated as owed wages and the other 50% shall be treated as liquidated damages. The 50% portion

allocated to claims for owed wages shall be made net of all applicable employment taxes, including, without limitation, federal, state, and local income tax withholding and the employee share of the FICA tax, and shall be reported as earned in the year of payment to the Internal Revenue Service ("IRS") and the payee under the payee's name and Social Security Number on an IRS Form W-2. The 50% portion allocated to liquidated damages shall be made without withholdings and shall be reported as earned in the year of payment to the IRS and the payee, to the extent required by law, under the payee's name and Social Security Number on an IRS Form 1099, and Settlement Collective Members will be responsible for correctly characterizing this additional compensation for tax purposes and for payment of any taxes owing on those amounts. The Settlement Administrator shall be responsible for issuing Settlement Checks, determining any taxes owed, and issuing IRS Forms W-2 and Form 1099 and Waste Management will cooperate with the Settlement Administrator for this purpose.

42.     **Determination of Employer Payroll Taxes**. Within twenty-one (21) calendar days of the Claim Form Deadline, the Settlement Administrator shall determine all Employer Payroll Taxes relating to the Settlement Checks to Eligible Settlement Collective Members, and shall communicate such amount to Waste Management and Plaintiffs' Counsel with an explanation of the calculations. In the event of any dispute as to the calculations, the Parties and Settlement Administrator shall meet and confer in good faith in an attempt to resolve the dispute. If the dispute cannot be resolved, it shall be submitted to the Court for a final determination. The Settlement Administrator shall thereafter remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities on a timely basis pursuant to its duties and undertakings. Waste Management agrees to reasonably cooperate with the Settlement Administrator to the extent necessary to determine the amount of the payroll tax payment required under this Section.

43.     Plaintiffs' Counsel and Defendants' Counsel do not intend for this Settlement Agreement to constitute legal advice relating to the tax liability of any Settlement Collective Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

44.     **Calculation of Settlement Checks**. Within thirty (30) calendar days after the Claim Form Deadline, the Settlement Administrator will provide an Excel spreadsheet to all Counsel that lists the names of the Eligible Settlement Collective Members and each Eligible Settlement Collective Member's Settlement Check amount, as well as any Employer Payroll Taxes.

45.     **Payment Procedure**. Within forty-five (45) calendar days after the Claim Form Deadline or as soon as practicable, the Settlement Administrator will send Settlement Checks to each Eligible Settlement Collective Member with an accompanying Notice substantially in the form attached hereto as **Exhibit C**. Eligible Settlement Collective Members shall have 150 days from the date of the initial mailing to cash or deposit their settlement checks ("Acceptance Period") When 90 days of the 150 day Acceptance Period has expired, the Settlement Administrator will mail and email (to the extent an email address is available) a reminder to those Settlement Collective Members who have not yet cashed their checks to inform them of the 150 day deadline in the form attached hereto as **Exhibit D**. At any point in the Acceptance Period, the Settlement

Administrator shall have the authority to stop payment on a lost check and issue a new check to an eligible Settlement Collective Member upon request.

46.     **Settlement Administrator Shall Track Settlement Check Distribution**. The Settlement Administrator shall send, on a weekly basis, a tracking spreadsheet which informs counsel for the Parties of the following information: (1) when Settlement Checks have been mailed; (2) when Settlement Checks have been reissued because a Settlement Check was undeliverable; (3) whether a Settlement Check was undeliverable and had a forwarding address; (4) whether a Settlement Check was forwarded to an Eligible Settlement Collective Member's new address; (5) whether a Settlement Check was undeliverable and did not contain a forwarding address; (6) whether a Skip Trace has been performed; (7) whether the Skip Trace provided a new mailing address for an Eligible Settlement Collective Member; (8) whether the Settlement Check was mailed to the new Skip Traced address; (9) when Settlement Checks have been cashed; and (10) when Service Awards have been cashed.

47.     Any Eligible Settlement Collective Member who wishes not to participate in the Settlement may either notify Plaintiffs' Counsel or simply choose not to endorse and cash or deposit his/her Settlement Check upon receipt. However, if an Eligible Settlement Collective Member cashes or deposits his/her Settlement Check, any writing stating that he/she is not participating shall be null and void. In the event of any dispute concerning whether an Eligible Settlement Collective Member has timely and properly withdrawn from the Settlement, counsel for the Parties shall meet and confer in good faith to resolve such dispute. The monies from Settlement Checks that would have been made to a person who chooses not to participate in the Settlement, and therefore not to release any claims against Waste Management and Releasees, shall be returned to Waste Management by the Settlement Administrator within sixty (60) calendar days of the close of the Acceptance Period.

48.     **Accounting for Settlement Checks**. The Settlement Administrator shall send an accounting of all unclaimed funds as well as a list of the names of all Eligible Settlement Collective Members who choose not to cash or deposit their Settlement Checks to the Parties within forty-five (45) calendar days after the close of the Acceptance Period. Any Eligible Settlement Collective Member who does not timely sign and cash a Settlement Check will not be bound by any federal or state law release of claims as described in this Agreement.

## ADDITIONAL OBLIGATIONS UNDER THE SETTLEMENT AGREEMENT

49.     **No Retaliation**. Waste Management shall not retaliate or take any adverse action against any Settlement Collective Member on the grounds that he/she is eligible to participate or does participate in the Settlement or endorses his/her Settlement Check.

50.     **Noninterference**. Neither the Parties nor their counsel will encourage any person not to participate in the Settlement or object to the Settlement, or to appeal the Approval Order.

51.     **Waste Management Legal Fees and Expenses**. Waste Management's legal fees and expenses in the Lawsuit shall be borne by Waste Management.

52.     **Alteration of Material Terms and Severability**. Any alteration, by any court of

competent jurisdiction or otherwise, of any material term in this Agreement shall permit either party, in its sole discretion, to void the Settlement entirely by providing written notice to Plaintiffs' Counsel or Defense Counsel within seven (7) calendar days after the Order excluding any of the above material terms to this Agreement. A material term to this Agreement includes the following Paragraphs detailed above: Paragraph 12; Paragraph 13; Paragraph 14; Paragraph 15; Paragraph 19; Paragraph 20; Paragraph 21; Paragraph 25; as well as any Definition detailed in Paragraph 2 of this Agreement. If either Party chooses to so void the Settlement, then this Agreement will be vacated, rescinded, cancelled, and annulled, and the Parties will return to the status quo ex ante as if they had not entered into this Settlement Agreement. Moreover, should any provision, other than the material terms of this Settlement Agreement, be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable, or invalid term, part or provision shall be deemed not to be a part of this Settlement Agreement.

53.     **Restrictions On Public Statement**. If the Parties or counsel for the Parties are contacted by the press or media regarding the Settlement, they shall respond only that the matter has been resolved. The Parties and counsel for the Parties further agree not to issue a press release to media outlets or participate in press conferences or media interviews regarding the terms of the Settlement Agreement. Plaintiffs' Counsel agrees that they will not post information about this Lawsuit to their firm's website within forty (40) days of the date of the Order Granting Approval of the Settlement, and after that date, will restrict information about the Lawsuit on their firm's website to factual information included in the Notice Packet and Enhanced Payment Claim Form without further editorializing or discussion. Defendants may also provide similar information as requested. Plaintiffs' Counsel further agrees, subject to the other terms in this paragraph, to otherwise refrain from publicizing the Settlement through social media on the internet.

54.     **Parties' Authority**. The Parties are each represented by competent and experienced counsel, and they have had an opportunity to consult and have consulted with counsel prior to executing this Agreement. The signatories to this Settlement Agreement represent that they are fully authorized to enter this Settlement Agreement and bind the Parties to the terms and conditions contained herein.

55.     **Mutual Full Cooperation**. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation and Settlement Agreement.  The Parties to this Settlement Agreement shall act in good faith and cooperatively to effectuate this Settlement Agreement and the terms set forth herein.  Neither Plaintiffs' Counsel nor Defendants' Counsel, nor any of their agents, will take any actions or undertake any efforts to encourage any Eligible Settlement Collective Member to withdraw from or not participate in the Settlement. Nothing stated herein is intended to limit Plaintiffs' Counsel's ethical duties and obligations to its clients seeking advice or counsel as to this Settlement or their claims against Waste Management.

56.     **No Prior Assignment**. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action,

cause of action, or rights herein released and discharged except as set forth herein.

57.    **Construction**. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arm's-length negotiations between the Parties.  The Parties further agree that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of this Settlement Agreement.

58.    **Captions and Interpretations**. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof.

59.    **Modification**. This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

60.    **Integration Clause**. This Settlement Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

61.    **Binding On Assigns**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

62.    **Governing Law**. This Settlement Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the Commonwealth of Pennsylvania, both in its procedural and substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the Court. This Settlement Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Settlement Agreement or any specific term or condition thereof.

63.    **Continuing Jurisdiction**. The Court shall retain jurisdiction over the interpretation and implementation of this Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

64.    **Signatories and Counterparts**. Any Person executing the Agreement or any such related document on behalf of a corporate signatory warrants and promises for the benefit of all Parties that he or she has been duly authorized by such corporation to execute the Agreement or any such related document. The signatories hereby represent that they are fully authorized to enter into the Agreement and bind the Parties hereto to the terms and conditions hereof. The Agreement will be binding upon and inure to the benefit of the Parties hereto and their respective spouses, heirs, trustees, and executors, administrators, successors, and assigns, including Waste Management and the Releasees. The Agreement may be executed in counterparts, including by

electronic signature, including, without limitation, DocuSign, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties as set forth herein. Copies of signatures will be considered the same as an original signature.

[continued on next page]

DocuSign Envelope ID: 3BBF8742CF78-4D4F-91D15-EAD7B14534F

**AGREED AND ENTERED INTO BY THE PARTIES AND THEIR RESPECTIVE COUNSEL ON THE DATES SET FORTH BELOW:**

Dated: 7/3/2019 _____     By: _____
                                            Thomas Holbert

Dated: 7/3/2019 _____     By: _____
                                            Jonathan Tarver

Dated: 7/3/2019 _____     By: _____
                                            Anthony Ogrodnick

Dated: 7/3/2019 _____     By: _____
                                            Brian Worley

Dated: 7/3/2019 _____     By: _____
                                            Robert Butkus

Dated: 7/3/2019 _____     By: _____
                                            Keith Bancroft

Dated: 7/3/2019 _____     By: _____
                                            Raymond Holohan

Dated: 7/3/2019 _____     By: _____
                                            Timothy Weber

Dated: 7/3/2019 _____     By: _____
                                            Ole Faldalen

Dated: 7/3/2019 _____     By: _____
                                            William Bolde, Jr.

20

Dated: __7/3/19__          BERGER MONTAGUE PC

                           By:_____
                              Shanon J. Carson

Dated: _____   Waste Management, Inc.

                           By:_____

                           Title:_____

Dated: _____   Waste Management of Pennsylvania, Inc.

                           By:_____

                           Title:_____

Dated: _____   Waste Away Group, Inc.

                           By:_____

                           Title:_____

Dated: _____   USA Waste of California, Inc.

                           By:_____

                           Title:_____

Dated: _____   Waste Management Inc. of Florida

                           By:_____

                           Title:_____

21

DocuSign Envelope ID: 66E44410-B292-4FFF-AE7E-278A91CE97A7

Dated: _____          BERGER MONTAGUE PC

                                     By: _____
                                         Shanon J. Carson

Dated: _July 3, 2019_____            Waste Management, Inc.

                                     By: _____
                                         _DocuSigned by:_
                                         B99A7D931AE7440...
                                     Title: David L. Reed, Vice President and Treasurer

Dated: _July 3, 2019_____            Waste Management of Pennsylvania, Inc.

                                     By: _____
                                         _DocuSigned by:_
                                         B99A7D931AE7440...
                                     Title: David L. Reed, Vice President and Treasurer

Dated: _July 3, 2019_____            Waste Away Group, Inc.

                                     By: _____
                                         _DocuSigned by:_
                                         B99A7D931AE7440...
                                     Title: David L. Reed, Vice President and Treasurer

Dated: _July 3, 2019_____            USA Waste of California, Inc.

                                     By: _____
                                         _DocuSigned by:_
                                         B99A7D931AE7440...
                                     Title: David L. Reed, Vice President and Treasurer

Dated: _July 3, 2019_____            Waste Management Inc. of Florida

                                     By: _____
                                         _DocuSigned by:_
                                         B99A7D931AE7440...
                                     Title: David L. Reed, Vice President and Treasurer

21

DocuSign Envelope ID: 66E44410-B292-4FFF-AE7E-278A91CE97A7

Dated: _July 3, 2019_____

Waste Management of Illinois, Inc.

By: _____

Title: David L. Reed, Vice President and Treasurer
_____


Dated: _July 3, 2019_____

Waste Management of Kansas, Inc.

By: _____

Title: David L. Reed, Vice President and Treasurer
_____


Dated: _July 3, 2019_____

Waste Management of New Jersey, Inc.

By: _____

Title: David L. Reed, Vice President and Treasurer
_____


Dated: _July 3, 2019_____

Waste Management of Wisconsin, Inc.

By: _____

Title: David L. Reed, Vice President and Treasurer
_____


Dated: _July 3, 2019_____

Waste Management of New York, LLC

By: _____

Title: David L. Reed, Vice President and Treasurer
_____


Dated: _July 3, 2019_____

LITTLER MENDELSON, P.C.

By: _____

John A. Ybarra

22

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS HOLBERT, KEITH BANCROFT, ROBERT BUTKUS, JONATHAN TARVER, RAYMOND HOLOHAN, ANTHONY OGRODNICK, TIMOTHY WEBER, BRIAN WORLEY, OLE FALDALEN, and WILLIAM BOLDE, JR., individually and on behalf of all persons similarly situated,** | : | **Civil Action No.: 2:18-cv-02649-CMR** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WASTE MANAGEMENT, INC., WASTE MANAGEMENT OF PENNSYLVANIA, INC., WASTE AWAY GROUP, INC., USA WASTE OF CALIFORNIA, INC., WASTE MANAGEMENT INC. OF FLORIDA, WASTE MANAGEMENT OF ILLINOIS, INC., WASTE MANAGEMENT OF KANSAS, INC., WASTE MANAGEMENT OF NEW JERSEY, INC., WASTE MANAGEMENT OF WISCONSIN, INC., and WASTE MANAGEMENT OF NEW YORK, LLC,** | : | |
| | : | |
| **Defendants.** | : | |

**NOTICE OF FAIR LABOR STANDARDS ACT SETTLEMENT FOR UNPAID
OVERTIME COMPENSATION ON BEHALF OF WASTE DISPOSAL DRIVERS**

TO:     [Class Member Name]
        [Address]
        [Address]
        [Last Four Digits of Social Security No.]

*The Court authorized this Notice. This is not a solicitation.
This is not a lawsuit against you and you are not being sued.*

**PLEASE READ THIS NOTICE CAREFULLY AS YOU ARE ENTITLED TO MONEY
AS A RESULT OF THIS FAIR LABOR STANDARDS ACT SETTLEMENT.**

1

| **1.** | **Why Should You Read This Notice?** |
|---|---|

You are receiving this Notice because you have been determined to be an Eligible Settlement Collective Member entitled to a settlement payment.

Defendants Waste Management, Inc., Waste Management of Pennsylvania, Inc., Waste Away Group, Inc., USA Waste of California, Inc., Waste Management Inc. of Florida, Waste Management of Illinois, Inc., Waste Management of Kansas, Inc., Waste Management of New Jersey, Inc., Waste Management of Wisconsin, Inc., and Waste Management of New York, LLC (collectively, "Waste Management") have records showing that you worked for Waste Management as a Waste Disposal Driver, and worked more than forty hours in at least one workweek between June 22, 2015 through [INSERT DATE] ("Eligible Settlement Collective Members"). This lawsuit alleges that Waste Management Waste Disposal Drivers were not paid for time worked off-the-clock pre-shift and during meal breaks, in violation of the Fair Labor Standards Act ("FLSA").

Waste Management denies the allegations in the lawsuit and maintains that Waste Disposal Drivers were compensated correctly under federal and state wage and hour laws. Nevertheless, the Parties have agreed to settle this dispute for the purpose of avoiding further litigation with its attendant risk, expense, and inconvenience. No ruling on the merits of the claims in this lawsuit has been made and no party has prevailed.

This Settlement includes a group of approximately [30,500] current and former Waste Disposal Drivers of Waste Management. The United States District Court for the Eastern District of Pennsylvania (the "Court") approved the Settlement and authorized this Notice be sent to you.

**This Notice explains the terms of the Settlement and your right to your award under the Settlement.**

| **2.** | **What Are the Terms of the Settlement?** |
|---|---|

Under the terms of the Settlement Agreement ("Settlement Agreement"), Waste Management has agreed to pay Fourteen Million, Seven Hundred Thousand Dollars ($14,700,000.00) to settle the claims asserted in the Lawsuit (the "Gross Settlement Amount"). Deductions from this amount have been made for (a) Plaintiffs' Counsel's attorneys' fees in an amount of twenty-eight percent (28%) of the Gross Settlement Amount, plus reimbursement of Plaintiffs' Counsel's out-of-pocket expenses up to $40,000.00; (b) service awards to Named Plaintiff Holbert in the amount of $10,000.00 and to Named Plaintiffs Bancroft, Butkus, Tarver, Holohan, Ogrodnick, Weber, Worley, Faldalen, and Bolde, Jr., in the amount of $2,500.00 each; (c) a Reserve Fund of $25,000.00 to cover disputed, belated, or unexpected payments to Eligible Settlement Collective Members after Settlement Checks have been issued; (d) up to $125,000.00 to be paid for the Settlement Administrator's reasonable fees and costs; and (e) an amount to satisfy Employer Payroll Taxes in connection with the Settlement Checks issued to Eligible Settlement Collective Members. After subtracting these amounts from the Gross Settlement Amount, the balance of the funds (the "Net Settlement Amount") will be apportioned among all Eligible Settlement Collective Members.

You will receive a minimum settlement award of $200.00 whether or not you submit the enclosed Enhanced Payment Claim Form (the "Standard Payment"). If you do not submit a Claim Form, you will receive only this Standard Payment.

If you believe that you are entitled to more than the Standard Payment for any off-the-clock overtime you worked for Waste Management as a Waste Disposal Driver, then you are entitled to submit the enclosed Enhanced Payment Claim Form. If you misplace the Claim Form, you can also find a copy at www.wmovertimesettlement.com.

All Eligible Settlement Collective Members who submit an Enhanced Payment Claim Form will receive an additional *pro rata* payment based on the total number of workweeks they worked as a Waste Disposal Driver in which they recorded more than 40 hours of work ("Qualifying Workweeks"), at any time between June 22, 2015 and [Date of Order Granting Approval].

If you worked in New York, you will also receive payment for Qualifying Workweeks that occurred between June 22, 2012 and June 22, 2015. If you worked in California, you will also receive payment for Qualifying Workweeks that occurred between June 22, 2014 and June 22, 2015, but you will not receive payment for any Qualifying Workweeks that occurred between June 22, 2014 and July 6, 2016 if you were a class member in the case entitled *Reyes v. Waste Management, Inc., et al.*, Case No. 37-2013-00079232-CU-OE-CTL, in San Diego County Superior Court in the State of California.

The formula for calculation of the Enhanced Payment for those who submit an Enhanced Payment Claim Form is as follows:

  i.  Each Qualifying Workweek shall be assigned one settlement share; except that, if you worked twelve or fewer Qualifying Workweeks, you will only receive the Standard Payment ($200.00);

  ii.  The total number of settlement shares for all individuals who submit an Enhanced Payment Claim Form will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per-share dollar figure. That figure will then be multiplied by your individual number of settlement shares to determine the Enhanced Payment you will be entitled to receive.

An Enhanced Payment calculated under this formula is in addition to the Standard Payment. Qualifying Workweeks have been calculated for you based on records provided by Waste Management. You do not need to do anything except complete and return the enclosed Enhanced Payment Claim Form (also available at www.wmovertimesettlement.com) to be eligible to receive an Enhanced Payment.

If you want to learn more information about your total number of Qualifying Workweeks, you may contact the Settlement Administrator. If you have any reason to dispute the total number of Qualifying Workweeks, you must provide the Settlement Administrator with documentation to show different employment dates as a Waste Disposal Driver and/or records of time worked by no later than [CLAIM DEADLINE].

Fifty percent (50%) of your Settlement Award will be treated as back wages, to be reported on an IRS Form W-2, and the remaining 50% will be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099.

We cannot provide you with any tax advice, and you should contact your accountant or tax-related advisors for any questions about taxes you may owe on these amounts.

| **3.** | **How Do I Claim An Enhanced Payment?** |
|---|---|

**To receive an Enhanced Payment in addition to the Standard Payment of $200.00, you must complete and return the enclosed Enhanced Payment Claim Form by [DATE].**

You may return the Enhanced Payment Claim Form to the Settlement Administrator by mail, email, or facsimile at:

[INSERT SETTLEMENT ADMIN INFO]

You may also complete an online Enhanced Payment Claim Form at the Settlement Website, www.wmovertimesettlement.com.

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your Settlement Check, which will be mailed by the Settlement Administrator. If you fail to keep your address current, you may not receive your Settlement Check.**

| **4.** | **What Claims Are Released by the Settlement?** |
|---|---|

Upon signing, depositing, or cashing your Settlement Check, you release all wage and hour claims under federal or state law you have or may have for the period of June 22, 2015 (June 22, 2012 for New York Settlement Collective Members; June 22, 2014 for California Settlement Collective Members) to [INSERT APPROVAL DATE] (the "Relevant Time Period") that were brought or could have been brought in this lawsuit against Waste Management and/or their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by Waste Management, divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in this lawsuit ("Releasees"). Specifically, you, as a Settlement Collective Member, release, to the extent permitted by law, any and all wage and hour FLSA claims, known or unknown, contingent or accrued, against the Releasees, arising under the FLSA and/or state wage and hour law from the claims in, or the claims that could have been pleaded in, the Second Amended Complaint in this lawsuit herein during the Relevant Time Period. The consideration of the payments made by Waste Management and the terms described herein shall be in exchange for entry of the final judgment and dismissal with prejudice and the release of the Releasees, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them, from any and all

4

FLSA and state law claims, debts, liabilities, penalties, demands, obligations, guarantees, costs, expenses, attorneys' fees, and damages for the alleged wage and hour violations under state and federal law. This release includes a release of all state statutory and common law wage and hour claims that could have been brought by any Eligible Settlement Collective Member based upon the facts and circumstances alleged in the Lawsuit during the Relevant Time Period.

It is your decision whether to participate in the Settlement. If you do not want to release any claims against Waste Management as described above, you should not cash or deposit your Settlement Check.

If you are a current employee of Waste Management, your employment will not be affected by cashing or depositing your Settlement Check.

| 5. | Who Are The Attorneys Representing Plaintiffs And The Eligible Settlement Collective Members? |
|---|---|

Plaintiffs and the Eligible Settlement Collective Members are represented by the following attorneys:

Shanon J. Carson
Sarah R. Schalman-Bergen
Camille Fundora Rodriguez
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3033
scarson@bm.net
sschalman-bergen@bm.net
crodriguez@bm.net
Website: www.bergermontague.com

| 6. | How Will the Attorneys for the Settlement Class Be Paid? |
|---|---|

You do not have to pay the attorneys who have been appointed by the Court to represent the Eligible Settlement Collective Members separately. The Court has approved Plaintiffs' Counsel's attorneys' fees and expenses out of the Gross Settlement Amount.

| 7. | Who May I Contact If I Have Further Questions? |
|---|---|

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact Plaintiffs' Counsel at the telephone number or email addresses listed above, or the Settlement Administrator at the contact information below. Please refer to the Waste Management Overtime Settlement.

[INSERT]

You may also review the Settlement Website at: www.wmovertimesettlement.com.

This Notice only summarizes the Lawsuit, the Settlement Agreement, and related matters. For more information, you may inspect the Court files at the Office of the Clerk, United States District Court for the Eastern District of Pennsylvania located at 601 Market Street, Philadelphia, Pennsylvania, from 8:30 a.m. to 4:30 p.m., Monday through Friday.

**PLEASE DO NOT CONTACT THE COURT.**

# ENHANCED PAYMENT CLAIM FORM

***Holbert, et al. v. Waste Management, Inc., et al., No. 2:18-cv-02649-CMR (E.D. Pa.)***
United States District Court for the Eastern District of Pennsylvania

## To Receive An Enhanced Payment, You Must Complete, Sign, and Return This Claim Form By _____, 2019 To The Following:

**By Mail:**    Waste Management Overtime Settlement
Rust Consulting, Inc.

**By Email:**

**By Fax:**

**Online:**    www.wmovertimesettlement.com

1. By signing below, I consent and agree to join this lawsuit against the Defendants and agree to be bound fully by the Court's rulings.

2. I hereby affirm and represent that I qualify for an Enhanced Payment, in addition to the Standard Payment of $200.00, because I am owed unpaid overtime compensation from Waste Management in connection with working "off-the-clock" during my employment as a Waste Disposal Driver, meaning that I worked more than forty (40) hours in a workweek and was not paid for all of the time that I worked, including before my shift started and/or for work performed during meal breaks.

**By submitting this completed Claim Form, I agree that I have read the Notice of FLSA Settlement and understand that I am knowingly and voluntarily releasing all Released Claims as set forth in the Settlement Agreement when I sign, deposit, and/or cash the Settlement Check, and that I agree to be bound by all terms of the Settlement Agreement.**

| Claimant's Name: | Phone Number: |
|---|---|
| Address: | Email: |

_____      _____
Date                               Signature

# Exhibit B

| Job Code | Job Title |
|----------|-----------|
| 1042 | Driver Commercial |
| 1043 | Driver Commercial Sr |
| 1044 | Driver Container |
| 1045 | Driver Container Sr |
| 1046 | Driver Port-o-Let |
| 1047 | Driver Port-o-Let Sr |
| 1048 | Driver Residential |
| 1049 | Driver Residential Sr |
| 1050 | Driver Rolloff |
| 1051 | Driver Rolloff Sr |
| 1052 | Driver MRF Recycling Sr |
| 1053 | Driver Sweeper |
| 1054 | Driver Swing |
| 1055 | Driver Swing - Residential |
| 1056 | Driver Swing - Rolloff |
| 1057 | Driver Transfer |
| 1058 | Driver MRF Recycling |
| 1150 | Driver Commercial, Recycling |
| 1151 | Driver Commercial Sr, Recyclin |
| 1152 | Driver Residential, Recycling |
| 1153 | Driver Residential Sr, Recycli |
| 1166 | Driver Compost |
| 1167 | Driver Swing - Commercial |
| 1177 | Driver Tractor Trailer |
| 1180 | Green Tm Driver |
| 2085 | Driver - Haz Wst |
| 2086 | Driver Sr - Haz Wst |
| 2112 | Driver Healthcare Solutions |
| 2118 | Driver Boom Truck |
| 2122 | Driver - Resi ASL |
| 2123 | Driver Sr - Resi ASL |
| 2124 | Driver - Resi Recycle ASL |
| 2136 | Driver Rolloff - Bagster |
| 2178 | Driver Apprentice - Resi |
| 2179 | WasteWater Truck Driver |
| 2180 | Industrial Vacuum Truck Driver |
| 2261 | Driver - Energy Svcs Class B |
| 2262 | Driver - Energy Svcs Class A |
| 2263 | Driver - Energy Svcs Crude |
| 2264 | Driver-Energy Svcs Sr/Trainr |
| 2270 | Driver Apprentice - Commercial |
| 2279 | Lead Driver |
| 2286 | Driver Container - Non Exp |
| 2293 | Driver - Service Tech AYD |
| 2303 | Driver - Area Relief |
| 2305 | Driver-Enrgy Srvcs Hydro-Vac |

| | |
|---|---|
| 2312 | Rail Truck Driver |
| 2315 | Driver - E.S Class A Non-Exp |
| 2390 | Driver Apprentice - Rolloff |
| 2409 | Driver-Non Exp Commercial |
| 2410 | Driver-Non Exp Residential |
| 2411 | Driver Non-Exp Roll-Off |
| 2413 | Lead Driver - Service Tech AYD |
| 2424 | Driver Port-o-let Non Exp |
| 2463 | Driver Swing - Port-O-Let |
| 2464 | Driver - Driver Team - Resi |
| 2500 | Propane Gas Service Driver |
| 8003 | Driver Commercial |
| 8008 | Driver Front End Loader |
| 8013 | Driver Rolloff |

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **THOMAS HOLBERT,** *et al.* | : | **Civil Action No.: 2:18-cv-02649-CMR** |
|  | : |  |
| **Plaintiffs,** | : |  |
|  | : |  |
| **v.** | : |  |
|  | : |  |
| **WASTE MANAGEMENT, INC.,** *et al.*, | : |  |
|  | : |  |
| **Defendants.** | : |  |

**<u>NOTICE OF SETTLEMENT PAYMENT</u>**

TO:     [Name]
          [Address]
          [Address]
          [Last Four Digits of Social Security No.]

We are writing on behalf of the Court-appointed Settlement Administrator in *Holbert, et al. v. Waste Management, Inc., et al.,* No. 2:18-cv-02649-CMR (E.D.Pa.). We were appointed by the Court to administer the collective action settlement for unpaid overtime compensation on behalf of Waste Disposal Drivers against Waste Management.

Enclosed is your Settlement Check. **Your Settlement Check will automatically expire on _____, 2020. Please cash or deposit your check AS SOON AS POSSIBLE**.

If you have any questions, please contact the Settlement Administrator by using the contact information below, or contact Plaintiffs' counsel, Berger Montague PC, at (215) 875-3033 or by email atatcrodriguez@bm.net or sschalman-bergen@bm.net. You may also review the case website at: www.wmovertimesettlement.com. Thank you.

Rust Consulting, Inc.
[INSERT ADDRESS]
[INSERT TELEPHONE NUMBER]
[INSERT EMAIL]

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| **THOMAS HOLBERT,** *et al.* | : | **Civil Action No.: 2:18-cv-02649-CMR** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WASTE MANAGEMENT, INC.,** *et al.***,** | : | |
| | : | |
| **Defendants.** | : | |

## REMINDER: 90 DAYS UNTIL SETTLEMENT PAYMENT CHECK CASHING DEADLINE

TO:     [Name]
        [Address]
        [Address]
        [Last Four Digits of Social Security No.]

We are writing on behalf of the Court-appointed Settlement Administrator in *Holbert, et al. v. Waste Management, Inc., et al.,* No. 2:18-cv-02649-CMR (E.D.Pa.). We were appointed by the Court to administer the collective action settlement for unpaid overtime compensation on behalf of Waste Disposal Drivers against Waste Management.

On DATE, we sent you a Settlement Check in the above-captioned case. Our records indicate that you have not yet cashed or deposited that check.

**This Reminder Notice is to inform you that your Settlement Check will automatically expire on _____, 2019. Thus, please cash or deposit your check AS SOON AS POSSIBLE**.

If you are unable to locate your Settlement Check, need a replacement check, or have other questions, please contact the Settlement Administrator by using the contact information below, or contact Plaintiffs' counsel, Berger Montague PC, at (215) 875-3033 or by email at atcrodriguez@bm.net or sschalman-bergen@bm.net. You may also review the case website at: www.wmovertimesettlement.com. Thank you.

Rust Consulting, Inc.
[INSERT ADDRESS]
[INSERT TELEPHONE NUMBER]
[INSERT EMAIL]